0IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 24-371 MLG |
| | ) | |
| vs. | ) | |
| | ) | |
| **RAYSHAWN BOYCE,** | ) | |
| | ) | |
| Defendant. | ) | |

## PARTIES JOINT PROPOSED JURY INSTRUCTIONS

The United States and Defendants respectfully submit the following instructions in its

charge to the jury, and requests permission to submit additional instructions as may become

necessary and/or appropriate during trial.

| Instruction Number | Instruction | Source[1] |
|---|---|---|
| | Preliminary Instruction | 10th Cir. PJI – 1.01 |
| | Note-taking | 10th Cir. PJI – 1.02 |
| 1 | Introduction to Final Instructions | 10th Cir. PJI – 1.03 |
| 2 | Duty to Follow Instructions | 10th Cir. PJI – 1.04 |
| 3 | Presumption of Innocence – Burden of Proof – Reasonable Doubt | 10th Cir. PJI – 1.05 |
| 4 | Evidence Defined | 10th Cir. PJI – 1.06 |
| 5 | Evidence – Direct and Circumstantial – Inferences | 10th Cir. PJI – 1.07 |
| 6 | Credibility of Witnesses | 10th Cir. PJI – 1.08 |
| 7 | Defendant Not Testifying | 10th Cir. PJI – 1.08.1 |
| 8 | Impeachment by Inconsistencies stipulated | 10th Cir. PJI – 1.10 |
| 9 | Impeachment by Prior Conviction (Defendant's testimony, only if Defendant testifies) | 10th Cir. PJI – 1.11 |

---

[1] Unless otherwise noted, "10th Cir. PJI" refers to the Tenth Circuit Pattern Jury Instructions (2021).

| 10 | Expert Witness | 10th Cir. PJI – 1.17 |
|---|---|---|
| 11 | Accomplice – Co-Defendant – Plea Agreement | 10t h Cir. PJI – 1.15 |
| 12 | Confession-Statement – Voluntariness by Defendant<br><br>*Defendant objects to this instruction on the basis that there were no post arrest statements to law enforcement.<br><br>*US requests this instruction as it will present statements by Boyce to Corecivic/CCCC investigators | 10th Cir. PJI – 1.26 |
| 13 | Superseding Indictment | Doc. 32 |
| 14 | On or About | 10th Cir. PJI – 1.18 |
| 15 | Elements: Conspiracy<br><br>*Defendant requests additional language of "There can be no conspiracy between a defendant and a government agent."<br><br>*US objects to this sentence as inapplicable. This statement is for Undercover Agents acting on behalf of the government, which is not these facts. | 10th Cir. PJI – 2.87 |
| 16 | Elements: Possession with Intent to Distribute<br><br>*Defendant objects to the instruction, "The government is not required to prove that the defendant knew the precise nature of the controlled substance," but agrees that this is a correct statement of law.<br><br>*The United States requests this instruction remain. | 10th Cir. PJI – 2.85 |
| 17 | Actual or Constructive Possession | 10th Cir. PJI – 1.31 |
| 18 | Elements: Conspiracy<br><br>*Defendant objects and will submit his requested instruction separately | 10th Cir PJI - 2.19 and 2.87 |
| 19 | Elements: Witness Tampering<br><br>*Defendant argues the US should elect a specific means from those alleged.<br><br>*US states it is not required to narrow its theory is | 10th Cir. PJI – 2.65 |

| | there is evidence of more than one means used. | |
|---|---|---|
| 20 | Official proceeding | 18 U.S.C. § 1515(a)(1)(A) |
| 21 | Elements: Aiding and Abetting 924(c)<br><br>*Defendant requests to remove language, "as an aider and abettor."<br><br>*US requests to keep language because it clarifies which theory of guilt on which the jury is deliberating | 10th Cir. PJI - 2.45.2 |
| 22 | Knowingly – Deliberate Ignorance<br><br>*Defendant objects to this instruction citing use notes discouraging its use.<br><br>*US requests the Court hold this objection in abeyance until the evidence at trial is presented | 10th Cir. PJI – 1.37 |
| 23 | Proving Intent or Knowledge<br><br>*Defendant opposed to giving this instruction | Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 17.07 (6th ed.) |
| 24 | Similar Acts | 10th Cir. PJI – 1.30 |
| 25 | Caution: Consider Only the Crime Charged | 10th Cir. PJI – 1.19 |
| 26 | Caution: Punishment | 10th Cir. PJI – 1.20 |
| 27 | Duty to Deliberate | 10th Cir. PJI – 1.23 |

Respectfully submitted,

HOLLAND S. KASTRIN
Acting United States Attorney

*Electronically filed March 9, 2025*
LETITIA CARROLL SIMMS
JOSEPH M. SPINDLE
Assistant United States Attorneys
201 Third St. Ste 900
Albuquerque, New Mexico  87102
(505) 346-7274

*Approved electronically with objections noted March 9, 2025*
JOEL MEYERS

Counsel for Rayshawn Boyce

## PRELIMINARY INSTRUCTIONS BEFORE TRIAL

Members of the Jury:

At the end of the trial I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented by an assistant United States attorneys, Letitia Carroll Simms and Joseph Spindle. The defendant, Rayshawn Boyce, is represented by his lawyer, Joel Meyers and Peter Eicker.

The indictment charges the defendant with two counts of Conspiracy, Possession with Intent to Distribute, and two counts of Tampering with Evidence. The indictment is simply the description of the charge made by the government against the defendant; it is not evidence of guilt or anything else. The defendant pleaded not guilty and is presumed innocent. He may not be found guilty by you unless all twelve of you unanimously find that the government has proved guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence which it intends to put before you. Just as the indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

After the government's opening statement, the defendant's attorney may make an opening statement. [Change if the defendant reserves his statement until later or omit if the defendant has decided not to make an opening statement.]

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, the defendant's lawyers may [make an opening statement and] present evidence, but they are not required to do so. I remind you that the defendant is presumed innocent and it is the government that must prove the defendant's guilt beyond a reasonable doubt. If the defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial, I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly, at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.

[The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.]

During the course of the trial I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

## [NOTE-TAKING BY JURORS

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.]


[Ordinarily, the attorneys will develop all the relevant evidence that will be necessary for you to reach your verdict. However, in rare situations, a juror may believe a question is critical to reaching a decision on a necessary element of the case. In that exceptional circumstance, you may write out a question and provide it to the courtroom deputy while the witness is on

the stand. I will then consider that question with the lawyers. If it is determined to be a proper and necessary question, I will ask it. If I do not ask it, you should recognize that I have determined it is not a legally appropriate question and not worry about why it was not asked or what the answer would have been.]

During the course of the trial, you should not talk with any witness, or with the defendant, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom until the verdict is received. Do not use the internet or any other form of electronic communication to provide any information. Simply put, do not communicate with anyone about the trial until your verdict is received. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information or do any research on your own. Do not attempt to visit any places mentioned in the case, either actually or on the internet, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. However, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Ms. Simms, you may present the opening statement for the government.

## INSTRUCTION NO. __1__

Members of the jury:

In any jury trial there are, in effect, two judges. I am one of the judges; you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided that evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case - for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

10th Cir. Criminal Pattern Jury Instruction 1.03 (2021).

**INSTRUCTION NO. __2__**

You, as jurors, are the judges of the facts. But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

10th Cir. Criminal Pattern Jury Instruction 1.04 (2021).

## INSTRUCTION NO. ___3_

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. The law does not require defendants to prove their innocence or produce any evidence at all. The government has the burden of proving the defendant is guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

10th Cir. Criminal Pattern Jury Instruction 1.05 (2021).

# INSTRUCTION NO. __4__

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

[During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.] You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

10th Cir. Criminal Pattern Jury Instruction 1.06 (2021).

## INSTRUCTION NO. __5__

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or nonexistence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.  An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

10th Cir. Criminal Pattern Jury Instruction 1.07 (2021).

## INSTRUCTION NO. __6__

I remind you that it is your job to decide whether the government has proved the guilt of a defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.  You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.  In making that decision, I suggest that you ask yourself a few questions:  Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome in this case?  Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.  And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

10th Cir. Criminal Pattern Jury Instruction 1.08 (2021).

**INSTRUCTION NO. __7__**

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

10th Cir. Criminal Pattern Jury Instruction 1.08.1 (2021).

**INSTRUCTION NO. __8__**

You have heard the testimony of [name of witness]. You have also heard that, before this trial, he/she made a statement that may be different from his/her testimony here in court. This earlier statement was brought to your attention only to help you decide how believable his/her testimony in this trial was. You cannot use it as proof of anything else. You can only use it as one way of evaluating her testimony here in court.

10th Cir. Criminal Pattern Jury Instruction 1.10 (2021).

## INSTRUCTION NO. __9__

You have heard evidence that the defendant has been convicted of a felony, that is, a crime punishable by imprisonment for a term of years. This conviction has been brought to you attention only because you may wish to consider it when you decide, as with any witness, how much of his testimony you will believe in this trial. The fact that the defendant has been convicted of another crime does not mean that he committed the crime charged in tis case, and you must not use his prior conviction as proof of the crime charged in this case. You may find him guilty of the crime charged here only if the government has proved beyond a reasonable doubt that he committed it.

10th Cir. Criminal Pattern Jury Instruction 1.11 (2021)

# INSTRUCTION NO.    10

During the trial you heard the testimony of Jonathan Longenbaugh, a Narcotics Expert with the Drug Enforcement Administration, who expressed opinions regarding the how drugs are sold and possessed; and Jennifer Hight, a Forensic Chemist for the Drug Enforcement Administration, who expressed opinions regarding the nature and weight of the controlled substance seized in this case. In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and all other evidence in the trial.

10th Cir. Criminal Pattern Jury Instruction 1.17 (2021).

## INSTRUCTION NO.  11

The government called as one of its witnesses an alleged accomplice, who was named as a co-defendant in the superseding indictment. The government has entered into a plea agreement with the co-defendant, providing that if she testifies truthfully, the United States may move, pursuant to U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e), to have the Court depart downward from the applicable guideline or statutory minimum sentence. The plea agreement states that the ultimate decision on whether to depart downwards, as well as the amount of any departure, is solely within the discretion of the Court. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of an alleged accomplice may, by itself, support a guilty verdict. You should receive this type of testimony with caution and weigh it with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice, unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered a guilty plea to the offense charged is not evidence of the guilt of any other person.

10th Cir. Criminal Pattern Jury Instruction 1.15 (2021)

# INSTRUCTION NO. __12__

Evidence relating to any statement attributed to the defendant alleged to have been made after the commission of the crime (or crimes) charged in this case but not made in court, should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questing by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable of not credible you may disregard the statement entirely.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

10th Cir. Criminal Pattern Jury Instruction 1.26 (2021)

INSTRUCTION NO. __13__

The defendant is on trial before you upon an Indictment brought by the federal grand jury charged as follows:

Count 1

From on or about February 15, 2022, and continuing to on or about May 17, 2022, in Cibola County, in the District of New Mexico, and elsewhere, the defendant, **RAYSHAWN BOYCE**, unlawfully, knowingly and intentionally combined, conspired, confederated, agreed, and acted interdependently with Gabriella Torres and with other persons whose names are known and unknown to the Grand Jury to commit an offense defined in 21 U.S.C. § 841(a)(1), specifically, distribution of one or more controlled substances.

Quantity of Methamphetamine Involved in the Conspiracy

With respect to **RAYSHAWN BOYCE** and Gabriella Torres, the amount of methamphetamine involved in the conspiracy attributable to each of them as a result of his or her own conduct, and the conduct of other conspirators reasonably foreseeable to each of them, is 50 grams, contrary to 21 U.S.C. § 841(b)(1)(A)(viii).

In violation of 21 U.S.C. § 846.

Count 2

On or about May 17, 2022, in Cibola County, in the District of New Mexico, the defendant, **RAYSHAWN BOYCE**, unlawfully, knowingly, and intentionally possessed with intent to distribute a controlled substance, and the offense involved 50 grams and more of methamphetamine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii).

<u>Count 3</u>

Between on or about May 22, 2024, and September 28, 2024, in Torrance County, in the District of New Mexico, and elsewhere, the defendants **RAYSHAWN BOYCE** and LOUIS ODELL SULLIVAN, unlawfully, knowingly and intentionally combined, conspired, confederated, agreed, and acted interdependently with each other to commit an offense defined in 18 U.S.C. § 1512(b)(1), specifically, tampering with a witness in a criminal case.

In violation of 18 U.S.C. §§ 1512(k) and (j).

<u>Count 4</u>

On or about May 22, 2024, in Torrance County, in the District of New Mexico, and elsewhere, the defendant, **RAYSHAWN BOYCE**, knowingly engaged in, and attempted to engage in, intimidation, threats, and corrupt persuasion toward G.T., a person known to the Grand Jury, and attempted to do so, with the intent to influence, delay, and prevent the testimony of any person in an official proceeding in a criminal case.

In violation of 18 U.S.C. §§ 1512(b)(1) and (j).

<u>Count 5</u>

On or about September 28, 2024, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **RAYSHAWN BOYCE** and LOUIS ODELL SULLIVAN, knowingly engaged in, and attempted to engage in, intimidation, threats, and corrupt persuasion toward G.T., a person known to the Grand Jury, and attempted to do so, with the intent to influence, delay, and prevent the testimony of any person in an official proceeding in a criminal case.

In violation of 18 U.S.C. §§ 1512(b)(1), (j) and 2.

## INSTRUCTION NO.  14

You will note that the indictment charges that the crimes were committed on or about February 15, 2022, and continuing to on or about May 17, 2022 for count 1, on or about May 17, 2022 for count 2, between on or about May 22, 2024, and September 28, 2024 for count 3, on or about May 22, 2024 for count 4, and on or about September 28, 2024 for count 5.  The government must prove beyond a reasonable doubt that the defendant committed the crime reasonably near the dates listed.

10th Cir. Criminal Pattern Jury Instruction 1.18 (2021) (modified).

## INSTRUCTION NO.  15

The defendant is charged in Count 1 with Conspiracy, in violation of 21 U.S.C. § 846.

This law makes it a crime for anyone to conspire with someone else to violate federal laws pertaining to controlled substances. In this case, the defendant is charged with conspiracy to distribute methamphetamine.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:        two or more persons agreed to violate federal drug laws;

*Second*:   the defendant knew the essential objective of the conspiracy;

*Third*:      the defendant knowingly and voluntarily involved himself in the conspiracy;

*Fourth*:   there was interdependence among the members of the conspiracy; and

*Fifth*:       the overall scope of the conspiracy involved at least 50 grams of methamphetamine.


A conspiracy is an agreement between two of more persons to accomplish an unlawful purpose. It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member. [The evidence may show that some of the persons involved in the alleged conspiracy are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged or tried together in one proceeding.]

The evidence need not show that the members entered into an express or formal agreement. Nor does the law require proof that the members agreed on all the details. But the evidence must show that the members of the alleged conspiracy came to a mutual understanding to try to accomplish a common and unlawful plan.

If you are convinced that the charged conspiracy existed, then you must next determine whether the defendant was a member of that conspiracy, that is, whether the defendant knew at least the essential goals of the conspiracy and voluntarily chose to be part of it. The law does not require proof that the defendant knew all the other members of the conspiracy or knew all the details about how activities were to be carried out. A person may belong to a conspiracy for a brief period of time or play a minor role. On the other hand, proof is not sufficient if it merely shows that the defendant knew about the existence of the conspiracy or was associated with members of the conspiracy. Rather, the evidence must show the defendant knowingly joined the conspiracy with the intent to advance its purposes.

You are also required to find that interdependence existed among the members of the conspiracy. This means that the members intended to act for their shared mutual benefit. To satisfy this element, you must conclude that the defendant participated in a shared criminal purpose and that his actions constituted an essential and integral step toward the realization of that purpose.

10th Cir. Criminal Pattern Jury Instruction 2.87 (2021) modified

## INSTRUCTION NO. 16

The defendant is charged in Count 2 with a violation of 21 U.S.C. § 841(a)(1).

This law makes it a crime to possess a controlled substance with the intent to distribute it.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:        the defendant the defendant knowingly or intentionally possessed a controlled substance as charged;

*Second*:   the substance was in fact methamphetamine;

*Third:*       the defendant possessed the substance with the intent to distribute it; and

*Fourth:*     the amount of controlled substance possessed by the defendant was at least 50 grams.

Methamphetamine is a controlled substance within the meaning of the law.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The government is not required to prove that the defendant knew the precise nature of the controlled substance.

10th Cir. Criminal Pattern Jury Instruction 2.85 (2021) modified to add language from *United States v. Johnson*, 130 F.3d 1420, 1428 (10th Cir. 1997) as referenced in the comment to the instruction.

## INSTRUCTION NO.  17

A person who, although not in actual possession, knowingly has the power and intent at a given time to exercise dominion or control over an object, either directly or though another person or persons, is then in constructive possession of it.

In a situation where the object is found in a place (such as a room or car) occupied by more than one person, you may not infer power and intent to exercise control over the object based solely on joint occupancy. Mere control over the place in which the object is found is not sufficient to establish constructive possession. Instead, in this situation, the government must prove some connection between the particular defendant and the object demonstrating the power and intent to exercise control over the object.

\

10th Cir. Criminal Pattern Jury Instruction 1.31 (2021)

## INSTRUCTION NO. __18__

The defendant is charged in Count 3 with a violation of 18 U.S.C. §§ 1512(k) and (j).

This law makes it a crime to conspire to commit tampering with a witness.

To find the defendant guilty of this crime you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

*First*:          two or more persons agreed to tamper with a witness in an official proceeding in a criminal case;

*Second*:          the defendant knew the essential objective of the conspiracy;

*Third*:          the defendant knowingly and voluntarily involved himself in the conspiracy;

*Fourth:*          there was interdependence among the members of the conspiracy.


A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member. [The evidence may show that some of the persons involved in the alleged conspiracy are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged or tried together in one proceeding.]

The evidence need not show that the members entered into an express or formal agreement. Nor does the law require proof that the members agreed on all the details. But the evidence must show that the members of the alleged conspiracy came to a mutual understanding to try to accomplish a common and unlawful plan.

If you are convinced that the charged conspiracy existed, then you must next determine whether the defendant was a member of that conspiracy, that is, whether the defendant knew at least the essential goals of the conspiracy and voluntarily chose to be part of it. The law does not

require proof that the defendant knew all the other members of the conspiracy or knew all the details about how activities were to be carried out. A person may belong to a conspiracy for a brief period of time or play a minor role. On the other hand, proof is not sufficient if it merely shows that the defendant knew about the existence of the conspiracy or was associated with members of the conspiracy. Rather, the evidence must show the defendant knowingly joined the conspiracy with the intent to advance its purposes.

You are also required to find that interdependence existed among the members of the conspiracy. This means that the members intended to act for their shared mutual benefit. To satisfy this element, you must conclude that the defendant participated in a shared criminal purpose and that his actions constituted an essential and integral step toward the realization of that purpose.

10th Cir. Criminal Pattern Jury Instruction 2.19 and 2.87 (2021) (MODIFIED)

**INSTRUCTION NO.  19**

The defendant is charged in Counts 4 and 5 with a violation of 18 U.S.C. §§ 1512(b)(1) and (j).

This law makes it a crime for anyone knowingly to use or attempt to use intimidation, threats, or corrupt persuasion with the intent to influence, delay, or prevent the testimony of any person in an official proceeding.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:        The defendant used or attempted to use intimidation, threats, or corrupt persuasion against Gabriella Torres;

*Second*:    The defendant acted knowingly and with the intent to influence, delay, or prevent the testimony of Gabriella Torres with respect to federal criminal case 24-CR-371 MLG, an official criminal proceeding.

An act "with intent to influence the testimony" of a person means to act for the purpose of getting the person to change, color, or shade his or her testimony in some way, but it is not necessary for the government to prove that the person's testimony was, in fact, changed in any way.

The term "intimidation" means the use of any words or actions intended or designed to make another person timid or fearful, or make that person refrain from doing something the person would otherwise do, or do something that person would otherwise not do.

An act is done with "corrupt persuasion" if it is done voluntarily and intentionally to bring about false or misleading testimony or to delay or prevent testimony with the hope or

expectation of some benefit to oneself or another person.

<u>10th Cir. Criminal Pattern Jury Instruction</u> (2021) § 2.65

**INSTRUCTION NO. __20__**

You are instructed that a proceeding before a judge or court of the United States meets the definition of an "official proceeding."

18 U.S.C. § 1515(a)(1)(A) – definition of official proceeding.

# INSTRUCTION NO. 21

Count 5 of the indictment also charges a violation of 18 U.S.C. § 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime. To find the defendant guilty of violating 18 U.S.C. §§ 1512(b)(1) and (j) as an aider and abettor, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* every element of the charged crime as outlined in instruction __ was committed by someone other than the defendant, and

*Second*: the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that government must prove that the defendant consciously shared the person's knowledge of the underlying criminal act and intended to help him.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of the crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

10th Cir. Criminal Pattern Jury Instruction 2.06 (2021)

## INSTRUCTION NO. <u>22</u>

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

<u>10th Cir. Criminal Pattern Jury Instruction</u> 1.37 (2021) (modified).

## INSTRUCTION NO.  23

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.  You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 17.07 (6th ed.).

## INSTRUCTION NO.  24

You have heard evidence of other acts or wrongs engaged in by the defendant. You may consider that evidence only as it bears on the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident and for no other purpose. Of course, the fact that the defendant may have previously committed an act similar to the one charged in this case does not mean that the defendant necessarily committed the act charged in this case.

10th Cir. Criminal Pattern Jury Instruction 1.30 (2021).

# INSTRUCTION NO.  25

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of possible guilty of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.

10th Cir. Criminal Pattern Jury Instruction 1.19 (2021).

**INSTRUCTION NO. 26**

If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

10th Cir. Criminal Pattern Jury Instruction 1.20 (2021).

## INSTRUCTION NO.  27

In a moment the Courtroom Deputy will escort you to the jury room and provide each of you with a copy of the instructions that I have just read.  Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.  The second thing you should do is review the instructions.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.  Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.  You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each

count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the Court Security Officer.  I will either reply in writing or bring you back into the court to respond to your message.  Under no circumstances should you reveal to me the numerical division of the jury.

10th Cir. Criminal Pattern Jury Instruction 1.23 (2021)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,     )
                               )
          Plaintiff,        )
                               )     CRIMINAL NO. 22-361 MLG
                               )
          vs.              )
                               )
**RAYSHAWN BOYCE,**          )
                               )
          Defendant.        )

## COUNT 1

We, the Jury, find the defendant, **RAYSHAWN BOYCE**, _____ as charged in Count
1 of the indictment.                                (guilty or not guilty)

## COUNT 2

We, the Jury, find the defendant, **RAYSHAWN BOYCE**, _____ as charged in Count
2 of the indictment.                                (guilty or not guilty)

## COUNT 3

We, the Jury, find the defendant, **RAYSHAWN BOYCE**, _____ as charged in Count
3 of the indictment.                                (guilty or not guilty)

## COUNT 4

We, the Jury, find the defendant, **RAYSHAWN BOYCE**, _____ as charged in Count
4 of the indictment.                                (guilty or not guilty)

## COUNT 5

We, the Jury, find the defendant, **RAYSHAWN BOYCE**, _____ as charged in Count 5 of the indictment.                                        (guilty or not guilty)


DATED this \_\_\_\_\_ day of _____, 2025.



_____
FOREPERSON